#0 6799

ORIGINAL

FILED
APR 16 2008
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

STEVEN D. KEIFFER )
Plaintiff, )
v. )
THE UNITED STATES )
Defendant. )

No. 08-278 C

## COMPLAINT

1. This action is a military pay case that seeks back pay, allowances, and other relief for the unlawful involuntary separation of the plaintiff from the United States Air Force based upon his twice failing selection for promotion.

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1491(a). The statute mandating the payment of money is the Military Pay Act, 37 U.S.C. § 204. An action for money arises under the Military Pay Act when the decision not to promote the service member leads to the service member's compelled discharge. *Smith v. Sec'y of the Army*, 384 F.3d 1288, 1294-95 (Fed. Cir. 2004) (quoting *Sanders v. United States*, 594 F.2d 804, 810 (1979); *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004); *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc)). The final monetary value of the relief requested will ultimately be computed by the Defense Finance and Accounting Service. Plaintiff estimates the monetary value of the relief requested is an amount in excess of $70,000.00.

**PARTIES**

3. Plaintiff is a former Captain in the United States Air Force who was involuntarily separated from the United States Air Force after he twice failed selection for promotion to the rank of major.

4. Defendant is the United States.

**FACTS**

5. Plaintiff is a caucasian male who served on continuous active duty in the United States Air Force from June 2, 1982, until he was involuntarily separated on April 30, 1995.

6. At the time of his involuntary separation, plaintiff held the rank of captain.

7. Plaintiff's involuntary separation was due solely to the fact that he twice failed selection for promotion to the rank of major.

8. Plaintiff failed selection for promotion to the rank of major by the CY93B and CY94A Central Major Selection Boards.

9. The Secretary of the Air Force issued a Memorandum of Instruction (MOI) to the board members of the CY93B Major Selection Board that contained the following equal opportunity (EO) language:

> Your evaluation of minority and women officers must clearly afford them fair and equitable consideration. Equal opportunity for all officers is an essential element of our selection system. In your evaluation of the records of minority and women officers, you should be particularly sensitive to the possibility that past individual and societal attitudes, and in some instances utilization policies or practices, may have placed these officers at a disadvantage from a total career perspective. The board shall prepare for review by the Secretary and Chief of Staff, a report of minority and women officer selections as compared to the selection rates for all officers considered by the board.

10. In *Berkley v. United States*, 287 F.3d 1076 (Fed. Cir. 2002), officers of the United States Air Force, terminated pursuant to a 1993 Reduction in Force ("RIF"), complained that the MOI

governing their selection for involuntary termination required different treatment of officers based on race or gender, thereby violating the equal protection guarantee of the Fifth Amendment to the United States Constitution.

11. The EO language at issue in *Berkley* is identical to the language quoted in ¶ 9 and relied upon by the CY93B Major Selection Board who considered plaintiff's promotion to major.

12. In *Berkley*, The United States Court of Appeals for the Federal Circuit found that the challenged EO language included a racial and gender based classification that is subject to a strict scrutiny analysis in order to be constitutionally permissible.

13. 28 U.S.C. § 2501 requires filing a claim in this Court "within six years after such claim first accrues."

14. The United States Court of Appeals for the Federal Circuit issued its decision in *Berkley* on April 17, 2002.

15. Plaintiff's claim was filed within six years after the decision in *Berkley* was issued and is, therefore, timely filed in this Court.

16. Prior to the filing of this complaint, plaintiff has not filed an application with the Air Force Board for the Correction of Military Records (AFBCMR) to correct his military records.

17. Plaintiff does not object to a stay of proceedings in this Court in order to permit the AFBCMR to first consider an application to correct plaintiff's military records.

18. If an application were to be filed with the AFBCMR, plaintiff would assert that he, as a white male, was the victim of racial and gender discrimination commonly known as reverse discrimination. Plaintiff would contend that the procedures used by the CY93B Major Selection Board that considered him for selection to major were unconstitutional, and that these procedures prohibited the promotion board from fairly considering him for promotion to major. Plaintiff

would request that he be provided a special selection board (SSB) for promotion to major by the CY93B Major Selection Board and that the challenged EO language not be utilized by the newly convened SSB. Plaintiff would also request that the SSB use the procedures approved by the Secretary of the Air Force in his Memorandum dated February 19, 2004, when considering officers for promotion due to racial/gender discrimination.

## COUNT ONE

19. The allegations contained in paragraphs 1 through 18 are incorporated herein by reference.

20. Plaintiff has a right to equal protection of the laws under the Due Process Clause of the Fifth Amendment to the United States Constitution.

21. The EO language contained in instructions issued to the CY93B Major Selection Board created racial and gender classifications that required different treatment of officers based on their race or gender while being considered for promotion in the United States Air Force.

22. Defendant has no legitimate interest in either creating or maintaining racial and gender classifications when considering the promotion of Air Force Officers.

23. The racial and gender classifications utilized by the CY93B Major Selection Board violate the equal protection guarantee of the Fifth Amendment to the United States Constitution.

24. Because plaintiff was unlawfully denied promotion to the rank of major, his involuntary separation from the Air Force, based upon his failure of selection for promotion, was also unlawful.

## REQUEST FOR RELIEF

25. WHEREFORE, plaintiff prays that this Court:

a) Remedy his involuntary separation from the Air Force by removing his unlawful failure of selection from his military record and providing him SSB that insures that he is fairly considered for promotion to major by the CY93B Major Selection Board;

b) Order that plaintiff be awarded back pay, allowances, and all other benefits to which he is entitled when his unlawful failure of selection is removed from his military record and to which he will be entitled if selected for promotion by an SSB, the exact sum of such back pay, allowances, and other benefits to be calculated by the Defense Finance and Accounting System.

c) Award plaintiff attorney fees and costs expended in pursuit of this claim; and

c) Provide any other appropriate relief deemed just and proper by this Court.

Respectfully submitted,

Richard A. Bednar
Law Office of Richard A. Bednar
12107 Park Shore Ct.
Woodbridge, VA 22192-2217
703-490-0000
703-991-0454 (fax)
Email: Rbednar@ArmedForcesLaw.com

April 16, 2008