IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STEVEN D. KEIFFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-278C |
| | ) | (Judge Williams) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss plaintiff's complaint for failure to comply with the statute of limitations.

STATEMENT OF FACTS

1. On April 30, 1995, Mr. Keiffer was separated from the United States Air Force ("the Air Force") at grade of Captain for having twice failed to be selected for promotion. Comp. 5-7.[1]

2. Mr. Keiffer asserts that the promotion boards that considered him for promotion in 1993 and 1994, and which declined to recommend him for promotion, acted upon an unlawful instruction. Comp. 8-11.

3. Mr. Keiffer filed his complaint in this Court on April 16, 2008, almost 13 years after his separation from the Air Force.

ARGUMENT

Quite simply, Mr. Keiffer has failed to comply with the Court's six-year statute of limitations. Suits brought under the Tucker Act (as Mr. Keiffer's is, see Comp. 2) are subject to

[1]"Comp.__" refers to a paragraph of Mr. Keiffer's complaint in this Court.

a six-year statute of limitations. 28 U.S.C. § 2501; Martinez v. United States, 333 F.3d 1295, 1302 (Fed. Cir. 2003) (en banc). An individual's claim accrues, starting the statute of limitations clock, when, "all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue [in the Court of Federal Claims] for money." Martinez, 333 F.3d at 1303 (citations omitted).

It is black-letter law that, in a military pay case, the claim accrues, at the latest, at the time of separation from the military and change in entitlement to pay. Martinez, 333 F.3d at 1301-03, reaffirming Hurick v. Lehman, 782 F.2d 984, 986 (Fed. Cir. 1986). Thus, at the time of Mr. Keiffer's separation in 1995, the Government's liability was fixed and he was entitled to demand payment from this Court. See id. Accordingly, the statute of limitations for Mr. Keiffer's claims expired, at the latest, on May 1, 2001 – more than six years before he filed suit in this Court.

Mr. Keiffer argues in his complaint that the statute of limitations in his case, should run from the time that the United States Court of Appeals for the Federal Circuit ("the Federal Circuit") issued its ruling in Berkley v. United States, 287 F.3d 1076 (Fed. Cir. 2002). See Comp. 16. This allegation is not supported by the law. The alleged legal infirmity of the instructions given to military promotion boards was based upon their supposed violation of the equal protection guarantee of the Fifth Amendment to the Constitution, see Berkley, 287 F.3d at 1083, which is no new law. Although Berkley certainly has the potential to make Mr. Keiffer's pursuit of his case easier, that is irrelevant to statute of limitations analysis. See Welcker v. United States, 752 F.2d 1577, 1583 (Fed. Cir. 1985) ("the statute of limitations is not tolled by litigative timidity"). Indeed, demonstrating in no uncertain terms that a cause of action was

perfected for Mr. Keiffer at the time of his separation from the Air Force, the plaintiffs in Berkley had no compunction about filing their lawsuit before this Court in 1998, just as the plaintiff in Ricks v. United States, No. 00-427 (Fed. Cl.) alleged an unlawful promotion board to this Court in 2000. See Ricks v. United States, 65 Fed. Cl. 826 (2005). There was even case law in the United States District Court, prior to the expiration of the statute of limitations in Mr. Keiffer's case, demonstrating that challenges to similar Army instructions created a cause of action that could survive a motion to dismiss. See Saunders v. Caldera, 193 F.Supp.2d 1 (Dist. D.C. 2001) (issued on March 19, 2001). Thus, there is no basis for, whatsoever, for Mr. Keiffer to link the accrual of his claim to the Federal Circuit's issuance of the Berkley opinion; Mr. Keiffer's claim accrued upon his separation from the active duty Air Force.

In this Court, the statute of limitations is a jurisdictional barrier. John R. Sand & Gravel Co. v. United States, __U.S.__, 128 S.Ct. 750, 753-54 (2008); Soriano v. United States, 352 U.S. 270 (1957). This bar applies to all civil actions whether legal, equitable, or mixed. Kendall v. Army Board for Correction of Military Records, 996 F.2d 362 (D.C. Cir. 1993), citing Spannaus v. United States Department of Justice, 824 F.2d 52, 55 (D.C. Cir. 1987); Calhoun v. Lehman, 725 F.2d 115, 116-17 (D.C. Cir. 1983). Accordingly, this Court is barred by the statute of limitations from entertaining Mr. Keiffer's complaint.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant the Government's motion to dismiss Mr. Keiffer's complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1).

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/J. Reid Prouty
J. REID PROUTY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305–7586
Fax: (202) 514-7969

Attorneys for Defendant

July 7, 2008